IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SUMMER D. GUERRERO,

    *Plaintiff*,

v.

                                Case No. 23-CV-2072-EFM

SHELTER MUTUAL INSURANCE
COMPANY,

    *Defendant*.

**MEMORANDUM AND ORDER**

Before the Court is an Unopposed Motion to Alter Judgment (Doc. 81) brought by Defendant Shelter Mutual. On October 25, 2024, the jury entered its verdict, finding that (1) the subject collision caused injuries to Plaintiff Summer Guerrero, (2) the underinsured motorist Patrick Ryan was 100% at fault for the collision, and (3) Plaintiff sustained $760,000.00 in total damages as a result of the collision. The jury's verdict did not, however, resolve the issue of the amount of underinsured motorist benefits owed by Defendant.

The insurance policy Defendant issued to Plaintiff limits underinsured motorist ("UIM") coverage to $250,000 per person. Before pursuing this UIM claim against Defendant, Plaintiff pursued a bodily injury claim against Patrick Ryan and resolved that claim for $33,333.33 paid by Ryan's insurance carrier, USAA. Defendant now asks this Court to reduce the $760,000 judgment to $216,666.67—the amount of remaining UIM benefits available to Plaintiff under her insurance policy with Defendant.

Defendant timely brought this Motion under Federal Rule of Civil Procedure 59(e), which permits a party to file a motion to alter or amend a judgment within 28 days after entry of the

judgment. Grounds warranting a motion under Rule 59(e) include the need to "prevent manifest injustice."[1]

Defendant argues that allowing the $760,000 judgment to stand would be manifestly unjust because it would require Defendant to pay more than the $250,000 UIM policy limits. Defendant claims that because Plaintiff has already recovered $33,333.33 from her settlement with Ryan's insurance company, she should not be able to "double recover." Instead, Defendant contends that it should only be responsible for its remaining pro rata share after deducting the Ryan settlement from the total UIM limit.[2] Plaintiff does not contest Defendant's motion.

Therefore, the Court grants Defendant's request.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion to Alter Judgment (Doc. 81) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 4th day of November, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *Dodson Int'l Parts, Inc. v. Williams Int'l Co.*, 12 F.4th 1212, 1226 (10th Cir. 2021).

[2] *See O'Donoghue v. Farm Bureau Mut. Ins. Co.*, 275 Kan. 430, 441, 66 P.3d 822 (2003) (holding that the UIM provider is responsible for paying the difference between the insured's pro rata share of the settlement with the tortfeasor and the insured's total amount of damages up to the insured's UIM limits).